### No. 2284.
### Second Circuit Appeal.

## THOMAS FRANK MILLER v. CONTINENTAL FLAT GLASS COMPANY.

(Feb. 3, 1925, Opinion and Decree.)
(March 2, 1925, Rehearing Denied.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**
In a Workman's Compensation case the opinion of the trial judge as to the extent of the injury, not being manifestly erroneous, is affirmed.
(Act No. 20 of 1914. Editor's note.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

REYNOLDS, J.

Action for damages under the workmen's compensation law for $12.50 per week for four hundred weeks. Defendant denied liability alleging that plaintiff's present condition was due to his willful failure to use his hand as directed by the doctors. There was judgment for the plaintiff for $12.50 per week for two hundred weeks. Defendant appealed. Affirmed.

Julius T. Long, of Shreveport, attorney for plaintiff and appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant and appellant.

### OPINION.

In this case plaintiff sues for compensation at the rate of $12.50 per week for four hundred weeks. Defendant admitted that plaintiff was in its employ

and that he received, while engaged in his work, a slight injury; but denied liability on the ground that the defendant willfully failed to take the treatment and use his hand as directed by the doctors. There was judgment in the lower court for $12.50 per week for two hundred weeks beginning March 17, 1924, less $231.40.

Defendant's contention that plaintiff wilfully refused to take treatment is not well founded, for while plaintiff was living in Shreveport at the time of the accident he was compelled to move to the home of his wife's people, who lived in the country. (See evidence of plaintiff), and plaintiff's witness, R. G. Church, Jr., says (Tr. 39):

Q. Well, what did you say to him about further payment of compensation?
A. I told him if he would take the treatment of Doctor Otts that compensation would be paid every week, then the question was brought up of paying his railroad fare from in the country here and his board while here, which I refused, the man was injured here, his home was here when he was hurt, and it was not up to us to let him live anywhere he wanted to and us pay for his coming in for treatment and his board while here.

Under this condition, plaintiff's failure to take treatment from Doctor Otts was not a willful refusal to do so.

The real question presented to this court is as to the extent of his injury. This question was gone into fully in the lower court. Plaintiff was submitted to a thorough cross-examination by learned and skillful attorneys and to numerous physical tests in the presence of the trial judge. He was taken into the judge's office and his hand and arm examined by a number of doctors. (Tr. 17.)

After witnessing the various physical tests and hearing the testimony of all the doctors examined in the presence of the court, the District Judge gave judgment in favor of plaintiff for $12.50 per week for

two hundred weeks, thereby, in our opinion in effect holding that the plaintiff had suffered the loss of the use of his arm. This finding we think is supported by the testimony of Doctor G. A. Caldwell (Tr. 50) where he says:

"I do not think so, with the paralysis of the arm that he has, I do not think anything else could account for it" and (Tr. 54) where he testifies as follows:
Q. Was it your opinion that the muscles are impaired in the entire forearm?
A. Yes, sir.
Q. In what way?
A. They are paralysed.
Q. Paralysed?
A. Yes, sir.

Under the entire evidence of the case we think that the finding of the trial judge is fully sustained.

The judgment appealed from is therefore affirmed at defendant's cost.